UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KEVIN D. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-207-TS |
| | ) | |
| WOLPOFF & ABRAMSON, LLP, | ) | |
| and CENTURION CAPITAL | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Kevin D. Miller's Motion to Consolidate [DE 48], filed on June 28, 2007. The Defendants, Wolpoff & Abramson, LLP (W&A) and Centurion Capital Corporation (Centurion), oppose the Motion.

**DISCUSSION**

**A.     Background**

The Plaintiff filed his Complaint against the Defendants in this case on May 23, 2006, and an Amended Complaint on May 30, 2006, alleging that W&A and Centurion, acting as "debt collectors," violated several provisions of both the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* Dispositive motions have been fully briefed and are pending before this Court.

In his Complaint, the Plaintiff challenges the lawfulness of the Defendants' actions with respect to their attempts to collect a debt from him. He alleges that W&A, a law firm, violated his rights when it sent him letters demanding payment of a debt that had not been assigned to its

client, Centurion, and when it received his credit reports without a permissible purpose. The Plaintiff contends that because another debt collector (not named in the suit) sued the Plaintiff in Allen County Superior Court claiming entitlement to the same debt that Centurion purported to own, that Centurion did not actually own the debt. The Plaintiff has requested leave to amend his Complaint to reflect the fact that W&A obtained his credit report again after he initiated the lawsuit, giving rise to another violation of the FCRA for obtaining his credit report without a permissible purpose. He also wants to add claims under newly discovered legal theories, specifically that W&A failed to identify Centurion as the prospective or end user of his consumer report information and that this is a violation of 15 U.S.C. §§ 1681b(f)(2), 1681(e)(1)(A), and 1681q.

The Defendants maintain that Centurion had lawful ownership of the Plaintiff's debt and had a right to retain W&A as legal counsel to pursue recovery of the debt. They also oppose any amendment because it is unduly delayed and prejudicial and because the proposed new claims would not survive a motion for summary judgment.

**B.    Cases Pending**

Since filing this suit, the Plaintiff has initiated two other lawsuits in this district: *Miller v. Experian Information Solutions, Inc.*, Cause No.: 1:07-CV-124; and *Miller v. Trans Union, LLC*, 1:07-CV-125. The Experian action is pending on the docket of Judge Joseph S. Van Bokkelen, United States District Court for the Northern District of Indiana, Hammond Division. The Trans Union action is pending before Judge Philip P. Simon, United States District Court for the Northern District of Indiana, Hammond Division. In each case, the Plaintiff has filed a

motion to consolidation the three cases.

In the case against Experian, the parties have filed a Joint Motion to Dismiss Action Against Defendant Experian Information Solutions, Inc., requesting dismissal with prejudice. (1:07-CV-124, DE 15). Therefore, the Motion to Consolidate is rendered moot as to the Experian action.

In the action against Trans Union, the Plaintiff alleges that Trans Union failed to identify Centurion as an end user of his credit information on May 18, 2005, July 13, 2005, and April 11, 2007, and failed to identify another law firm as an end user of his credit information on November 24, 2004, all in violation of 15 U.S.C. §§ 1681e(e)(1)(A) and 1681g(a)(3)(A).

**C.     Consolidation Under Federal Rule of Civil Procedure 42(a)**

The Plaintiff moves for consolidation under Rule 42(a), which provides:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The primary purpose of consolidation is to promote convenience and judicial economy. *Mabry v. Village Mgmt., Inc.*, 109 F.R.D. 76, 79 (N.D. Ill. 1985). Rule 42 is designed to encourage consolidation and is a "managerial device [that] makes possible the streamlined processing of groups of cases, often obviating the need for multiple lawsuits and trials." 8 James W. Moore, et al., *Moore's Federal Practice* § 42.10, at 42-8 (3rd ed. 2005). The decision to consolidate under Rule 42 is "within the discretion of the trial judge." *Madigan, Inc. v. Goodman*, 57 F.R.D. 512, 514 (N.D. Ill. 1972) (citations omitted). Given these considerations,

3

the Court, in its discretion, declines to consolidation the instant action with the Trans Union action.

There is a slight overlap between the current action and the Trans Union action. Both cases allege, among other things, that W&A obtained the Plaintiff's consumer report information from Trans Union on behalf of its client, Centurion. However, the theories of liability against W&A and Centurion, as debt collectors, is different from the theories of liability against Trans Union, as a consumer reporting agency. Moreover, the overlap in legal theories between the two cases decreases significantly if the Plaintiff's pending motion to amend his complaint in the action against W&A and Centurion is not granted. If the motion to amend is granted, both cases would require a determination of the defendants' responsibilities to identify end users, albeit under different sections of the FCRA. The Plaintiff has not established that these sections are interdependent such that a finding against W&A would logically compel a finding against Trans Union in Cause No.: 1:07-CV-125.[1] Additionally, the Trans Union suit is not limited in scope to the transactions involving W&A.

Moreover, and most importantly, even with the potential overlap of law and facts consolidation would not promote convenience or judicial economy. Despite the fact that discovery remains open in both cases, they are in vastly different stages of litigation. The Court is ready to rule on dispositive motions filed in this case. The parties to this suit are entitled to resolution of the claims that they have diligently briefed on a case that has been pending since

---

[1] Whether W&A can be found liable for failing to identify Centurion as an end-user is in serious doubt. The duty by one who procures a credit report to disclose to the consumer reporting agency the identity of an end user is found in 15 U.S.C. § 1681e(e)(1). That section only applies to "resellers" of consumer information, which is specifically defined in the Act. However, whether W&A is a reseller of consumer information, and therefore, subject to the requirements of § 1681e(e)(1), is not a matter to be resolved on the Motion to Consolidate.

May 23, 3006. Adding the allegations against Trans Union would not promote this end. Adding Trans Union to the W&A and Centurion litigation would required additional time for briefing—on legal issues that are distinct from those already briefed and by a party that has had no involvement in the case. Whether Trans Union violated a duty regarding disclosure of an end user is not dependent on the facts and legal issues presented in the W&A and Centurion action. Additionally, W&A believes that the claims the Plaintiff proposes to add against it in the Second Amended Complaint (which would create the overlap with the Trans Union action) are futile and would not survive summary judgment. It makes this claim, in part, on the basis of the record already developed in the case. Adding the claims against Trans Union would only complicate matters, despite any interplay between the different sections of the FCRA at issue in each suit.

Consolidation would not allow for this Court to resolve all disputes before the parties in an expedited manner, but would prolong an already protracted case. There is nothing to be gained by consolidating the cases that could not be achieved in some other manner, while still allowing this case to move forward. It remains to be seen whether either case will require discovery or will proceed to trial. The order denying consolidation does not foreclose the possibility that a stay of the proceedings in Cause No.: 1:07-CV-125 may be appropriate to the extent that the issues in that case are similar to those presented here. Also the Court will deny the Plaintiff's Motion without prejudice to refiling it if there are genuine issues that remain for trial. That is, if both cases are still pending after the Court's ruling on the dispositive motions in this case, the Plaintiff may reapproach the issue of consolidation.

5

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Consolidate [DE 48], as it relates to *Miller v. Trans Union, LLC*, Cause No.: 1:07-CV-125, is DENIED without prejudice to refiling, if appropriate, after the Court has ruled on the pending dispositive motions, and is RENDERED MOOT as to *Miller v. Experian Information Solutions, Inc.*, Cause No.: 1:07-CV-124.

SO ORDERED on August 28, 2007.

                                             s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT