UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KEVIN D. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-207-TS |
| | ) | |
| WOLPOFF & ABRAMSON, LLP, | ) | |
| and CENTURION CAPITAL | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a motion by the *pro se* Plaintiff, Kevin D. Miller, for this Court to reconsider its entry of summary judgment in favor of the Defendants.

**BACKGROUND[1]**

The Plaintiff sued the Defendants, Wolpoff & Abramson, LLP (W&A) and Centurion Capital Corporation, alleging that they violated several provisions of both the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*. The Plaintiff alleged that the Defendants' actions with respect to their attempts to collect a debt from him were unlawful.

On September 7, 2007, this Court granted summary judgment in favor of the Defendants on the Plaintiff's federal claims and dismissed the Plaintiff's state law claims without prejudice. On September 17, the Plaintiff filed a motion for the Court to reconsider its judgment pursuant to

---

[1] For a complete background of the proceedings in this case, see the Court's Opinion and Order of September 7, 2007. (DE 57.)

Federal Rule of Civil Procedure 59(e). On September 27, the Defendants responded, and on October 4, the Plaintiff replied.

**STANDARD OF REVIEW**

The Plaintiff invokes Federal Rule of Civil Procedure 59(e), which allows a court to "alter or amend a judgment" no later than ten days after the entry of judgment. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998) (stating that the only grounds for a Rule 59(e) motion are "newly discovered evidence, an intervening change in the controlling law, and manifest error of law"). "A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

**DISCUSSION**

The Plaintiff claims that the Court failed to comply with summary judgment procedure when it (1) allowed the Defendants to submit revised chain of title evidence and precluded him from responding to the revisions; (2) erroneously weighed conflicting evidence; and (3) granted summary judgment despite the existence of a genuine issue of material fact. The Plaintiff also argues that the Court's finding that his proposed amendments to the complaint would be futile

2

was a manifest error of law.

### A. Revised Chain of Title

The Plaintiff argues that it was improper for the Court to consider the Defendants' revised chain of title evidence because he did not have an opportunity to respond to the evidence. The reason for the Court's request regarding the chain of title evidence, and the reason why it believed no response would be necessary, is amply documented in the record of this case. Moreover, the Plaintiff is mistaken that he did not have an opportunity to respond to the evidence. The Plaintiff responded to the affidavits on August 15, 2007, by filing a Motion for Sanctions and the Court, as evidenced in its written opinion, considered the Plaintiff's arguments in opposition to the affidavits and the chain of title evidence. The Plaintiff, in his motion for reconsideration, does not provide any additional response and does not indicate what additional response he would have made at any other time.

### B. Weighing Evidence–Genuine Issue of Material Fact

The Plaintiff argues that the Court weighed conflicting evidence when it did not infer from his evidence that another debt collector, Melville Acquisitions Group LLC (MAG), owned the debt at issue in this case. However, the inference the Plaintiff wants this Court to make is foreclosed by the undisputed chain of title evidence presented by the Defendants. The only evidence the Plaintiff presented that pertained to the ownership of the debt was that MAG sued him for recovery of the debt. This does not create an inference that MAG actually owned the debt and it is not sufficient to dispute the Defendants' evidence of ownership. It means only that

3

MAG filed a lawsuit—not that it owned the account. That the Court stated the possible reasons for MAG's actions (reasons that were not foreclosed by the evidence of record), does not mean that the Court weighed the evidence. The Court was simply pointing out that it could only speculate as to why MAG filed the suit, but that it could not reasonably infer that MAG filed the suit because it owned the debt. That conclusion would be contrary to the undisputed evidence establishing the Defendant's ownership of the debt. The Plaintiff has not presented any newly discovered evidence to alter that conclusion, and the Court did not commit a manifest error of fact or law.

In a related argument, the Plaintiff submits that his evidence that another debt collector sued him for the same debt created a genuine issue of material fact. This is wrong. At trial, the Plaintiff would bear the burden of establishing that the Defendant did not own the debt. The Defendant presented evidence of ownership through properly authenticated business records. As explained in the Court's Opinion on the parties' motions for summary judgment, the Plaintiff's evidence is not contrary to this claim of ownership and does not create a genuine issue of material fact. Because the Defendant's ownership was clearly established, precluding any recovery for the Plaintiff, it would have been a "gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial," and summary judgment was appropriate. *Mason v. Cont'l Ill. Nat'l Bank*, 704 F.2d 361, 367 (7th Cir. 1983).

### C.     Proposed Amended Complaint

The Court denied, as futile, the Plaintiff's motion to amend his complaint to add claims under the provision of the Fair Credit Reporting Act (FCRA) that requires certain entities that

4

access a credit report to disclose the identity of the end user. The Court determined that the Defendant was not such an entity because it was not a reseller or consumer reporting agency.

The Plaintiff argues that the Court's ruling was contrary to the plain text of the FCRA, and constitutes a manifest error of law. The Plaintiff believes it is implicit in the Court's ruling that W&A is exempt from liability because it possessed a permissible purpose to obtain the Plaintiff's report. This is a misunderstanding of the Court's ruling. The Court's holding was that W&A did not meet the definition of an entity that is required to disclose the identity of the end user. The Plaintiff argues that the Court should have drawn all reasonable inferences from the alleged facts in his favor, including, that the Defendants met the statutory definitions of a reseller and a consumer reporting agency. The undisputed facts established that W&A did not meet these definitions and the Plaintiff's conclusory claims otherwise were not sufficient to find that his new claims possessed merit.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Motion for Reconsideration and to Alter or Amend Judgment Pursuant to Rule 59(e) (DE 59).

SO ORDERED on February 19, 2008.

                                             s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT